ALLIANCE ACCEPTANCE CORPORATION, Plaintiff-Appellee, v. McLAUGHLIN, Defendant-Appellant.

Ohio Appeals, Seventh District, Portage County.

No. 156.   Decided March 26, 1945.

Sidney L. Geiger, Alliance, and A. L. Caris, Ravenna, for plaintiff-appellee.

Ralph Atkinson, Salem, and Metzger, McCorkhill & Metzger, Salem, for defendant-appellant.

## OPINION

By PHILLIPS, J.

John McLaughlin borrowed $600.00 from plaintiff, a duly licensed Ohio small loan corporation, and on July 6, 1943, executed and delivered to plaintiff his promissory note in like amount as evidence thereof. He secured that indebtedness by a mortgage of even date on live stock and farm equipment.

John McLaughlin failed upon demand to pay that note in accordance with the terms thereof, and on March 28, 1944, owed plaintiff $373.96, which amount was then past due.

On April 1, 1944, plaintiff filed a bill of particulars, affidavit and bond in replevin "to satisfy constable" (unsigned by surety) in the amount of $800.00 in the court of a justice of the peace of Atwater Township, Portage County, Ohio, where John McLaughlin lived. On the same day a constable of that township attempted to seize the mortgaged chattels but defendant refused to deliver possession thereof to him. Aided by the sheriff of Portage County that officer took possession of the mortgaged chattels without process late in the afternoon of the same day.

Thereafter the justice of the peace issued a writ of replevin with summons dated April 3, 1944, and such constable made the following return of that writ:—

"Received this writ on the 4th day of April 1944 and on the 1st day of April 1944 I replevied John McLaughlin's goods and chattels within described, and caused the same to be appraised as per schedule hereto attached.

The within named Alliance Acceptance Corporation gave an undertaking according to law, with chattels and $800.00. Said property as per attached list.

Also the 4th day of April 1944, I served this writ on the defendant by leaving a copy with John McLaughlin.

Charles H. Manion, Constable."

The case was set for hearing before the justice of the peace on April 6, 1944. Both parties were represented by counsel at that hearing and upon request of counsel for defendant hearing was continued to April 11, 1944.

Two freeholders of Atwater Township, Portage County, Ohio, appraised such chattels at $360.50 on April 8, 1944.

The statement of plaintiff's counsel by brief that counsel for the respective parties appeared before the justice of the peace on April 11, 1944, and agreed that he should withhold certification of the case to the court of common pleas of Portage County, Ohio, "for a few days," as an accommodation to John McLaughlin was undisputed, and the record discloses that upon such hearing and argument of counsel defendant acknowledged and agreed to settle such indebtedness.

Plaintiff did not pay defendant in accordance with the agreement reached on April 11, 1944, and thereafter the justice of the peace certified the case to the court of common pleas on the ground that the appraised value of the chattels replevied exceeded $300.00 in value, and a transcript of his civil docket was filed in that court on April 14, 1944. See §10472 GC.

Plaintiff's motion filed April 22, 1944, for an order directing the sheriff of Portage County to take charge of the seized chattels was sustained and the sheriff was ordered to hold them as upon replevin until further order of the court of common pleas, subject to plaintiff posting a "delivery" bond therefor.

On April 22, 1944, plaintiff filed an incompletely dated "bond for delivery of property to plaintiff" in the court of common pleas.

On May 31, 1944, counsel for plaintiff had summons issued by the clerk of the court of common pleas for defendant, which was duly served on John McLaughlin personally on June 7, 1944, and returned on June 8, 1944.

On August 4, 1944, counsel for defendant filed a motion in the court of common pleas in which he stated "defendant respectfully declines to plead in this cause and moves for final judgment" and for an order restoring the replevied property to him.

Defendant's motions to quash the writ of replevin, dismiss the action, and for judgment in his favor were overruled. The defendant failed to appear in person or by counsel to defend the action upon hearing had in the court of common pleas on August 14, 1944, and judgment was rendered for plaintiff.

Defendant's motion filed in the court of common pleas on August 21, 1944, to strike the evidence introduced upon such hearing was sustained on the ground that counsel for defendant received no notice thereof.

On August 30, 1944, the judge of the court of common pleas overruled all pending motions, proceeded to hear the

126

case upon its merits and "ordered, adjudged and decreed that the plaintiff be, and it is hereby awarding (sic) immediate possession of the goods and chattels having heretofore been delivered to the plaintiff upon filing of a bond in this matter, said possession of said goods and chattels is hereby awarded to the plaintiff and any and all rights of the defendant therein is held for naught."

Counsel for defendant appeared at the hearing of the case upon its merits on August 30, 1944, but introduced no evidence and did not cross-examine any of the witnesses who testified on behalf of plaintiff and failed to state in any of the named motions that they entered defendant's appearance solely for the purpose of these motions.

Defendant appealed to this court on questions of law from the judgment of the court of common pleas.

The death of John McLaughlin was suggested to this court, and such suggestion having been found to be true the motion of Ora Roxie McElroy as administratrix of the estate of John McLaughlin, deceased, to become a party in this action as defendant-appellant in the place and stead of John McLaughlin was sustained, and an order made by this court accordingly.

While plaintiff alleged in its "bill of particulars" that it loaned John McLaughlin $600.00, and that it had a valid claim against him for that amount which was just and unpaid and against which there were no "setoffs or counterclaims," yet we believe that such allegations cannot be construed as allegations of and do not indicate the value of the mortgaged chattels.

If it is true, as stated by counsel for defendant, that "a justice of the peace" may be "totally devoid of any jurisdiction to entertain an action in replevin where it is apparent from the face of the original papers that the value of the property claimed is in excess of $300.00" we cannot reach the conclusion urged by counsel for defendant in their first assignment of error that "said justice's court erred in assuming any jurisdiction of said action in the first instance and in not striking said action from the docket on his own motion" in this cause for the reason assigned.

Counsel for defendant further claims that the justice of the peace erred "in issuing the 'writ of replevin and summons' in said action on April 3rd or 4th, 1944; in not dismissing said action on its own motion immediately upon return of said 'writ of replevin and summons' to said justice's court;"

"in not ordering immediately upon the return of the appraisement, the return to the appellant of the property seized from him;" "in not certifying said action to the court of common pleas until six days after said property had been appraised;" and "in not ordering the constable to deliver to the sheriff of this county the property seized from appellant."

Obviously some of defendant's assigned grounds of error are based upon the theory that the justice of the peace erred prejudicially to defendant as urged in the first assignment of error, and the disposition of that error disposes of those predicated upon it.

If the justice of the peace erred as claimed by defendant in respects urged other than those upon which we have passed specifically it is apparent from what we have said in the factual statement of this opinion that such claimed errors were waived by the acts of the defendant.

Now defendant contends that the court of common pleas "erred in assuming jurisdiction of said purported action instead of ordering the same summarily dismissed" by "having directed the sheriff of Portage County to take charge of said property;" "in authorizing said sheriff to surrender said property to appellee upon the filing of a delivery bond;" "in issuing a summons for appellant and causing the same to be served on appellant;" "in not sustaining each and every part of appellant's 'motion to quash writ of replevin and to dismiss action;' " "in not sustaining each and every part of appellant's 'motion to strike journal entry;' " "in not sustaining each and every part of appellant's 'motion for judgment' and in not giving judgment for appellant;" "in overruling appellant's objection to the introduction of any evidence and in admitting appellee's evidence at the hearing held on August 30, 1944;" "in finding that, at the commencement of the action, the appellant 'unlawfully detained' the property claimed by appellee and in giving judgment for appellee on said finding;" "in attempting to foreclose appellant's equities in said property," and "in divers other respects, not set forth in detail herein."

Without further word we believe that the case was duly certified to the court of common pleas by the justice of the peace, and that the former court did not err prejudicially to defendant in assuming jurisdiction thereof and in failing to order it summarily dismissed, in directing the sheriff of Portage County to take charge of the seized goods and chattels, in issuing and causing a summons to be served upon defendant, whether necessary or not, as urged by his counsel.

We cannot discuss separately and fully each one of defendant's seventeen assigned grounds of error, which includes

assignment under seventeen heretofore stated herein that "said court of common pleas and said justice's court erred in divers other respects, not set forth in detail herein," and keep the length of this opinion within reasonable bounds, and viewing this case as we do it is obvious that we need not do so.

Mindful of the fact that there are no interests of any party other than the parties to this action involved herein and that it was commenced in the court of a justice of the peace, duly allowing for the procedure or lack of technical procedure therein as we must, recognizing the attendant responsibility of counsel by reason thereof, remembering the acts and actions of the parties and their respective counsel in both courts as stated herein and considering the record submitted to us as a whole, we reach the conclusion that error prejudicial to the rights of defendant was not committed in either court warranting a reversal of the judgment of the court of common pleas, and that by modification of the judgment of that court substantial justice will have been done between the parties. See §11364 GC.

"REPLEVIN, a form of action which lies to regain the possession of personal chattels which have been taken from the plaintiff unlawfully." Bouvier's Law Dictionary, Baldwin's Revision, page 1051.

As shown in the factual statement of this opinion by his entry dated August 30, 1944, the judge of the court of common pleas awarded immediate possession of the seized goods and chattels to plaintiff and "held for naught," "any and all rights of the defendant therein."

The action which the judge of the court of common pleas was trying was solely one in which plaintiff sought to regain possession of personal chattels allegedly taken from it unlawfully.

Accordingly after careful consideration of defendant's "sixteenth assignment of error" that "said court of common pleas erred in attempting to foreclose appellant's equities in said property" we reach the conclusion that the judgment of the court of common pleas must be and hereby is modified by striking from the journal entry filed therein on August 30, 1944, the words "and any and all rights of the defendant therein is held for naught" and as modified must be and hereby is affirmed.

NICHOLS, P. J., & CARTER, J., concur in judgment.